UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| MISTY CLAYTON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No: |
| RIVARD BUICK GMC, INC. | ) ) |
| Defendant. | ) ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff, MISTY CLAYTON ("Plaintiff"), by and through undersigned counsel, sues Defendant, RIVARD BUICK GMC, INC. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff brings this action to recover unpaid overtime wages. In support thereof, Plaintiff alleges:

## PARTIES AND JURISDICTION

1.     Plaintiff, MISTY CLAYTON, is a resident of Hillsborough County, Florida, and was employed by Defendant within the last three years.

2.     Defendant, RIVARD BUICK GMC, INC., is a corporation authorized to conduct business in the State of Florida and is an employer within

1

the meaning of the FLSA.

3. The claims asserted herein arose in Hillsborough County.

4. At all times material, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

5. At all times material, Defendant employs more than two (2) employees and is subject to the FLSA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged occurred within this judicial district.

STATEMENT OF FACTS

7. Plaintiff was employed by Defendant from approximately January 9, 2018 through March 6, 2025.

8. Plaintiff worked as a Service Concierge.

9. Plaintiff's primary duties included greeting customers, moving vehicles throughout the dealership, transporting customers, and other customer service-related duties.

10. Plaintiff did not supervise employees, had no authority to hire or fire employees, and did not perform managerial or executive duties.

11. In approximately November 2021, Defendant reclassified Plaintiff from an hourly employee to a salaried employee.

12. Despite being paid a salary, Plaintiff continued performing the same non-managerial duties and remained a non-exempt employee under the FLSA.

13. Plaintiff's day-to-day responsibilities remained predominantly manual and customer service-oriented and did not materially change after Defendant converted her to salary.

14. Plaintiff exercised no independent managerial discretion, had no authority to hire, fire, discipline, or direct other employees, and did not perform duties that would qualify for any exemption under the FLSA.

15. Defendant classified Plaintiff as a salaried employee despite knowing that her primary responsibilities consisted of greeting customers, assisting customers, moving vehicles throughout the dealership, transporting customers, and performing customer service functions. Defendant classified Plaintiff as salaried for the purpose and effect of avoiding its obligation to pay overtime compensation required under the Fair Labor Standards Act.

16. Throughout her employment as a salaried employee, Plaintiff regularly worked in excess of forty (40) hours during her workweeks.

17. Plaintiff frequently worked extended shifts and regularly worked through meal periods and rest breaks without receiving overtime compensation.

18. Defendant controlled Plaintiff's work schedule, assigned her daily

3

responsibilities, supervised her work, and determined when and where she performed her job duties.

19. Defendant knew or should have known that Plaintiff routinely worked overtime because it established her schedule, observed her performing her duties, and accepted the benefits of the additional hours she worked.

20. Plaintiff was paid approximately $1,000.00 per week on a salary basis.

21. Defendant failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked in excess of forty (40) during a workweek..

22. Defendant failed to maintain accurate records of all hours worked by Plaintiff as required by the Fair Labor Standards Act.

23. Defendant's failure to properly classify Plaintiff and compensate her for overtime hours worked was willful and in reckless disregard of the requirements of the Fair Labor Standards Act.

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in the form of unpaid overtime compensation.

25. Plaintiff demands a trial by jury on all issues so triable.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS (FLSA)

26.   The allegations of paragraphs 1 through 25 as set forth above are re- alleged in full and incorporated herein by reference.

27.   Plaintiff is employed by Defendant as a Service Concierge.

28.   Plaintiff was a non-exempt employee under the Fair Labor Standards Ac.

29.   Defendant suffered and permitted Plaintiff to work in excess of forty (40) hours during numerous workweeks.

30.   Defendant failed to compensate Plaintiff at one and one-half times her regular rate of pay for all overtime hours worked.

31.   Defendant misclassified Plaintiff as an exempt salaried employee despite the fact that her actual job duties remained non-exempt under the Fair Labor Standards Act.

32.   Defendant intentionally classified Plaintiff as an exempt salaried employee despite the fact that her actual job duties did not satisfy the executive, administrative, or professional exemptions under the FLSA.

33.   Defendant's misclassification of Plaintiff resulted in its failure to pay overtime compensation required by 29 U.S.C. § 207.

34.   Defendant knowingly, willfully, and intentionally violated the overtime provisions of the Fair Labor Standards Act.

35.   As a direct and proximate result of Defendant's unlawful conduct,

5

Plaintiff has suffered lost overtime compensation and is entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

36.   Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, attorney's fees, and taxable costs.

## DEMAND FOR JURY TRIAL

37.   Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorney's fees, litigation costs, taxable costs, pre-judgment interest where permitted by law, post-judgment interest where permitted by law, and any other legal or equitable relief this Court deems just and proper.

RESPECTFULLY submitted this July 14, 2026.

> */S/ Kyle J. Lee*
> Kyle J. Lee, Esq.
> FLBN: 105321
> LEE LAW, PLLC
> 1971 West Lumsden Road, Suite 303
> Brandon, Florida 33511
> Telephone: (813) 343-2813
> Kyle@KyleLeeLaw.com
> Team@KyleLeeLaw.com

6