UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISTY CLAYTON,

Plaintiff,

v. Case No. 8:26-cv-2017-VMC-AEP

RIVARD BUICK GMC, INC.,

Defendant.
______________________________/

**ORDER**

This matter is before the Court pursuant to the Joint Motion to Approve Settlement (Doc. # 28), filed on November 2, 2026. For the reasons that follow, the Motion is granted.

## I. Background

Plaintiff Misty Clayton filed this action against her former employer, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. # 1). The Court entered a fast-track Scheduling Order on July 22, 2026. (Doc. # 9). The parties exchanged discovery pursuant to that Order. (Doc. ## 17-20). On October 23, 2026, the parties reached a settlement at mediation. (Doc. ## 25, 26).

At the Court's direction, the parties now seek approval of the settlement. (Doc. # 28).

## II. Analysis

Plaintiff alleges that Defendant violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The parties have reached a settlement wherein it is agreed that Plaintiff will receive $2,750 in back wages, $2,750 in liquidated damages, and $500 in exchange for "other terms contained in the Settlement Agreement." (Doc. # 28 at 2). The Settlement Agreement includes "a general release, a non-disparagement clause, as well as a provision stating that Plaintiff will not seek re-employment with Defendant." (Id. at 3-4). "In entering into the Settlement Agreement, Plaintiff acknowledged that she is not releasing or waiving any future claims." (Id. at 4).

It has also been agreed that Plaintiff's counsel will receive $4,000 in fees and costs. (Id. at 2-3). The parties represent that the attorney's fees to be paid to counsel were negotiated separately from the amount to be paid to Plaintiff. (Id. at 3).

According to the parties, they "still disagree on Plaintiff's exempt status under the FLSA and entitlement to

overtime compensation." (Id. at 2). Plaintiff contends she is entitled to overtime compensation, while Defendant "denies that Plaintiff is entitled to any overtime compensation based on her exempt status" and "disputes that Plaintiff regularly worked over forty hours in a workweek." (Id. at 4). Yet, "as the parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter" via settlement. (Id. at 6).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion to Approve Settlement (Doc. # 28) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Court declines to retain jurisdiction to enforce the settlement agreement.

(4) The Clerk is directed to terminate all pending deadlines and **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of November, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE